UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA RIVERA, | ) |
| | ) |
| Plaintiff | ) CAUSE NO. 1:19-CV-4673 RLM-DLP |
| | ) |
| VS. | ) |
| | ) |
| MED-BILL CORPORATION, | ) |
| d/b/a, ACE RESOLUTIONS | ) |
| | ) |
| Defendant | ) |
| | ) |

OPINION AND ORDER

This matter comes before the court on Med-Bill Corporation's motion to dismiss under Rule 12(b)(6). Ms. Rivera filed suit alleging that Med-Bill failed to report that she disputed a debt to Experian in violation of §1692e of the Fair Debt Collection Practices Act and that Med-Bill harassed her and acted unfairly and unconscionably in violation of §§1692d and 1692f. Med-Bill maintains that it didn't violate § 1692e because it reported the debt before Ms. Rivera disputed it and it doesn't have a continuing obligation to update the credit bureau. Med-Bill also argues in a footnote that, because Ms. Rivera's other claims rely on the assertion that Med-Bill violated § 1692e, they must also be dismissed.

A court considering a Rule 12(b)(6) motion to dismiss construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (*quoting* Brooks, 578 F.3d at 581)). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

The facts of this case aren't in dispute. Ms. Rivera went into default on personal debt that was placed with or otherwise transferred to Med-Bill. Med-Bill reported the debt to Experian credit reporting agency before August 5, 2019. Ms. Rivera's counsel sent a letter disputing the debt to Med-Bill on August 5, 2019. In October 2019 Ms. Rivera obtained a copy of her Experian report, which continued to report the Med-Bill debt and didn't indicate that the debt was disputed. The last time that Med-Bill reported to Experian was July of 2019, before Ms. Rivera disputed the debt.

15 USCS § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, including "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." § 1692e(8). Ms. Rivera argues that § 1692e requires Med-Bill to update credit reporting agencies when a customer disputes a debt that it had previously reported. Our court of appeals hasn't spoken on this issue. Courts in the Second, Third, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits have adopted the reasoning laid out by the Eighth Circuit in Wilhelm v. Credico, Inc., 519 F.3d 416, 421 (8th Cir. 2008). See e.g., Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173, 1189 (10th Cir. 2013); Leapai v. Collection Bureau of Am., LTD., No. C16-0766-JCC, 2016 U.S. Dist. LEXIS 129903, at *4 (W.D. Wash. Sep. 22, 2016); Young v. Fair Collections & Outsourcing, Inc., No. 3:13-CV-1305-P, 2013 U.S. Dist. LEXIS 193552, at *6 (N.D. Tex. Oct. 23, 2013). The Wilhelm court reasoned that

> Section 1692e generally prohibits "false, deceptive, or misleading representation." Subsection 1692e(8) applies to the "communicating" of "credit information." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."…Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which [plaintiff] relies — "including the failure to communicate that a disputed debt is disputed" — is rooted in the basic fraud law principle that, if a debt collector elects to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:

3

> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer...and reports it to a credit bureau, he must report it as disputed.
> 2. Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.

Id. at 418 (emphasis in original) (citing FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988)). The courts in the Seventh Circuit who have addressed the issue have agreed with the Wilhelm court's determination. *See* Wells v. Deca Fin. Servs., LLC, No. 1:12-cv-01514-JMS-DKL, 2013 U.S. Dist. LEXIS 27416, at *12 (S.D. Ind. Feb. 28, 2013); Gordon v. Syndicated Office Sys., No. 16 c 4440, 2017 U.S. Dist. LEXIS 43811, at *7 (N.D. Ill. Mar. 27, 2017); Rogers v. Virtuoso Sourcing Grp., LLC, No. 1:12-cv-01511-JMS-DML, 2013 U.S. Dist. LEXIS 27409, at *11 (S.D. Ind. Feb. 28, 2013). This court agrees that Ms. Rivera's argument "is not supported by either the plain language of § 1692e(8) or other courts' interpretation of that plain language." Rogers v. Virtuoso Sourcing Grp., LLC, 2013 U.S. Dist. LEXIS 27409, at *11.

Ms. Rivera argues that Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337 (7th Cir. 2018) should control this case. In Evans, the court held that failure to inform a credit reporting agency that a debtor disputes her debt is always material. Id. at 349. Evans didn't address whether § 1692(e) created a duty to update credit reporting agencies when a debtor disputes the debt. Her claim under § 1692(e) must be dismissed.

Ms. Rivera also alleges that Med-Bill violated 15 USCS §§ 1692d and 1692f. § 1692d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt.

Ms. Rivera hasn't alleged any facts which, when accepted as true and viewed in the light most favorable to her, support a claim under either §§ 1692d or 1692f. Ms. Rivera's only factual allegations relate to Med-Bill's failure to update Experian when Ms. Rivera disputed her debt. This conduct doesn't have the natural consequence of harassing, oppressing, or abusing Ms. Rivera nor is it an unfair or unconscionable. The examples of conduct that violates §§ 1692d and 1692f make clear that the conduct at issue here isn't the kind the statutes intend to prohibit. The conduct prohibited by § 1692d all involve active communication, rather than the omission of a communication at issue here. 15 USCS § 1692d. And 1692f relates to the collection or depositing of money and method of communication with the debtor. 15 USCS § 1692f. The facts alleged by Ms. Rivera don't support a claim under either §§ 1692d or 1692f.

The court GRANTS the defendant's motion to dismiss [Doc. No. 11] is GRANTED. The clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:  August 10, 2020

      /s/ Robert L. Miller, Jr.
    Judge, United States District Court

Distribution:

Paige Moray Neel
CLAUSEN MILLER P.C.
pneel@clausen.com

Daniel L. Polsby
CLAUSEN MILLER PC
dpolsby@clausen.com

Richard John Shea, Jr.
SAWIN & SHEA, LLC
rshea@sawinlaw.com